Howser *vs.* Evans.

MILLEDGE & CLARK, for plaintiffs in error.

J. M. CALHOUN & SONS, for defendant.

---

G. W. HOWSER, plaintiff in error, *vs.* W. T. EVANS, administrator, defendant in error.

The parties submitted certain matters, in controversy between them, to arbitration, and the arbitrators made an award against one of the parties, for the sum of $287 50, in gold, which award was made the judgment of the Court. After the passage of the Relief Act of 1868, the defendant made a motion in the Court to open the judgment, under the provisions of that Act, which was allowed, and on the trial of the issue found thereon, the jury, after hearing the evidence on both sides, returned a verdict in favor of the plaintiff for the sum of $398 50, principal, and $16 78, interest; whereupon, the defendant moved for a new trial, on the grounds that the verdict was contrary to the evidence, and strongly and decidedly against the weight of the evidence, and the principles of equity and justice, and against the charge of the Court. The motion for a new trial was refused: *Held*, that as there was no error alleged to the charge of the Court, that the verdict of the jury was right, under the law and the facts of the case, as shown by the record, the motion for new trial was properly overruled.

*Held*, further, that this is a proper case in which damages should be awarded, as provided by the 4221st section of the Code.

Relief Act.    Damages for delay.    Before Judge PARROTT. Catoosa Superior Court.    August Term, 1869.

On the 6th of October, 1862, Howser gave his note for $400 00, payable to J. M. Roach, or bearer, on the 1st of October, 1863, on which he paid $50 00, on the 17th of March, 1863.    Roach died owning this note and it came to the possession of Evans, his administrator.    On the 3rd of December, 1866, Evans, as such administrator, and Howser, submitted to arbitrators how much Howser should pay on said note.    Their award was that he should pay $287 50, in gold.    This award was entered upon the minutes of said Court, in vacation.    In November Term, 1868, an order was taken making it the judgment of said Court, as of May Term, 1867.

In July, 1869, Howser moved to open said judgment and submit the matter *de novo* to a jury under the Relief Act of 1868.    This was done in August, 1869.    Howser's counsel read in evidence said note, submission, award and judgment, and then examined Howser as a witness.    He said he bought certain land from Roach, at $1,200 00 to be paid in Confederate currency, that he paid $400 00 in cash, gave another note for $400 00, due the 1st of September, 1863, and the note above described; that Roach said to him that Confederate money was as good to him as gold; he paid the $400 00 due on the 1st September, 1863, and the $50 00 credited as aforesaid, in Confederate currency; that when the last note was due he tendered the full amount to Roach in Confederate currency, but Roach refused to accept it; that in 1864 he tendered $100 00, in greenbacks, to Roach, but he would not take it, saying it was "war money;" with this $100 00 Howser bought a mare and some one stole her that he paid Evans, as administrator, $34 20, in United States currency, on the 30th of August, 1867, and took a receipt for $20 40, being its gold value, and on 7th September, 1867, paid him $13 18, as $9 42, in gold, and again on the 30th of October, 1867, he paid him $34 30, as $20 40, in gold, and he testified that the land bought was now worth $500 00.

By other evidence it appeared that one dollar in gold bought $2 50 in Confederate currency, at the date of the note, and in October, 1863, it bought $15 00 of such currency, and that Howser had paid Evans forty other dollars, when and in what, did not appear. Three witnesses testified as to the present value of said land, and they put it at $900 00, $700 00 and $1,000 00, in United States currency, respectively. The Court gave in charge the Relief Act of 1868. The jury found a verdict for $398 70, principal, and $16 78, for interest and $—— for costs, without specifying whether it was for specie or United States currency.

Howser's counsel moved for a new trial upon the grounds that said verdict was strongly and decidedly against the weight of the evidence and contrary to the charge of the Court. The new trial was refused, and that is assigned as error.

G. W. BRUCE, by E. F. HOGE, for plaintiff in error, said the award was conclusive, as to amount due by Howser: White vs. Haslett & Rucker, at this Term; the tender of Confederate currency raised an equity in his favor: Bonner vs. Martin, this Term; the judgment should have at least been credited by the payments proved.

DODSON & PAYNE, for defendant.

WARNER, J.

The error assigned to the judgment of the Court below, in this case, is in refusing to grant a new trial, on the ground that the verdict of the jury was strongly and decidedly against the weight of the evidence, and contrary to the charge of the Court. There is no error of law complained of in the rulings of the Court on the trial of the case. This Court has ruled at least one hundred times, that it would not control the discretion of the Court below, in refusing to grant a new trial, on the ground that the verdict was contrary to the evidence, when there was evidence in the record to sustain the verdict, and no rule of law was violated. We think the verdict of the jury, in this case, is clearly sustained by the evidence in

the record, and if parties will come here for the purpose of having the rule above stated *re-affirmed,* it is their legal right to do so, but it will be re-affirmed with *ten per cent. damages,* as provided by the 4221 section of the Code, as the object in bringing it here, in view of the repeated rulings of this Court, must be for delay only.

Let the judgment of the Court below be affirmed, and damages awarded.